UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No.: 4:22-cv-00339 |
| v. | ) | |
| | ) | |
| MICHELLE DAWN EILER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, by Richard D. Westphal, United States Attorney for the Southern District of Iowa, brings this action for triple damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* or, in the alternative, for repayment under theories of payment by mistake and unjust enrichment.

### Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2.     Venue is proper in the Southern District of Iowa pursuant to 31 U.S.C. § 3732(a) because the events alleged in this Complaint took place within the district, 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within the district, and 28 U.S.C. § 1395(a).

### Parties

3.     The plaintiff is the United States of America on behalf of the United States Railroad Retirement Board ("RRB").

4.      Defendant Michelle Dawn Eiler, upon information and belief, is presently a citizen of the state of Illinois; however, the actions attributed to her in this Complaint were taken while she was a citizen of the state of Iowa residing at 713 North Elm, Creston, Iowa, and/or worked in the state of Iowa.

## Factual Background

5.      The Railroad Uninsurance Act, as amended (45 U.S.C. § 351 et seq.) provides federal benefits for unemployed railroad workers and is administered by the RRB.

6.      To qualify for those federal benefits ("RRB UI benefits"), unemployed railroad workers who meet the income and resource requirements of the program must disclose to the RRB any employment and income which might affect the claimant's entitlement to benefits. Benefits cannot be claimed or paid for any date on which the claimant worked, accrued or received compensation from any employer, including non-railroad employers.

7.      Eiler was employed by Burlington Northern Santa Fe Railway ("BNSF"), and she was discharged from her position with BNSF on or about September 28, 2016.

8.      Eiler was eligible to collect RRB UI benefits after her discharge from BNSF.

9.      On October 4, 2016, Eiler mailed a completed "Application for Unemployment Benefits and Employment Service" (Form UI-1) to the RRB's Chicago District Office, applying for RRB UI Benefits.

10.      On page 1 of Form UI-1, Eiler was instructed to read the section "***Instructions for Completing Application for Unemployment Benefits and Employment Service (Form UI-1)***" (emphasis in original) in the RRB Booklet UB-10 "Unemployment Benefits for Railroad Employees" before completing Form UI-1.

11.     On Page 2 of Form UI-1, in Section F ("Certification and Signature"), Eiler signed the form certifying "that the information I have provided on this form is true, correct, and complete. I know that I must immediately report to the Railroad Retirement Board any changes which might affect my entitlement to benefits. I understand that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements or claims or for withholding information to get benefits. I understand and agree to the requirements set forth in Booklet UB-10."

12.     Eiler was employed by Advanced Services, a temp agency, beginning on October 4, 2016, until February 8, 2017, and collected wages for her employment during this time.

13.     Eiler also collected RRB UI benefits at all times she was employed by Advanced Services.

14.     Eiler did not report her employment with Advanced Services to the RRB.

15.     Eiler was then employed by Manpower, Inc., a temp agency, from February 10, 2017, until September of 2017, working at a placement at Bunn-O-Matic in Creston, Iowa.

16.     Eiler ended her employment with Manpower, Inc. because Bunn-O-Matic then hired Eiler as a full-time employee.

17.     Eiler remained employed by Bunn-O-Matic until at least April of 2019, and upon information and belief, she may continue to be employed by Bunn-O-Matic.

18.     Eiler also collected RRB UI benefits while employed by Manpower, Inc.

19.     Eiler did not report her employment with Manpower, Inc. to the RRB.

20.     Eiler knew she was employed by Advanced Services and Manpower, Inc. but continued to submit claim for RRB UI benefits.

21.     In seeking and receiving RRB UI benefits, Eiler concealed the material facts of her non-railroad employment and wages when she knew or should have known that such employment and wages were material to the RRB.

22.     But for Eiler's false statements and claims for each period she sought RRB UI benefits, she would not have received RRB UI benefits for those claim periods.

23.     The RRB has determined that Eiler fraudulently claimed $10,792.23 in RRB UI benefits.

24.     The RRB has determined that $2,614.25 in additional RRB UI benefits are recoverable from Eiler for other days in her disqualification period.

25.     The RRB has determined that a total of $13,406.48 is recoverable from Eiler.

## COUNT I
## False Claims Act – False Claims

26.     The United States re-alleges the allegations set forth in Paragraphs 1 – 25 as if fully set forth herein.

27.     By virtue of the acts described above, beginning with her failure to inform the RRB of her employment by Advanced Services, which commenced on October 4, 2016, and ending with the last benefits period in which she claimed RRB UI benefits in 2017, Eiler knowingly presented, or caused to present, false or fraudulent claims for payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729 – 3733.

28.     As used in this count, the term "knowingly" means that Eiler, with respect to the information alleged in this Complaint, (a) has/had actual knowledge of the information; (b) acts/acted in deliberate ignorance of the truth or falsity of the information; or (c) acts/acted in reckless disregard of the truth or falsity of the information.

29.     The United States paid the false or fraudulent claims because of the acts Eiler, and as a result, the United States has incurred actual damages in the amount of $13,406.48, exclusive of interests and costs.

30.     Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), Eiler may be liable to the United States "for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990, plus three-times the amount of damages which the Government sustains because of the act of [Eiler.]"

## Count II
## Payment by Mistake

31.     The United States re-alleges the allegations set forth in Paragraphs 1 – 25 as if fully set forth herein.

32.     The United States made payments on the claims submitted by Eiler under the erroneous belief that the claims for payment were based upon representations which were factually accurate and which represented actual dates of unemployment.

33.     The United States' erroneous belief was material to the payments made by the United States to Eiler.

34.     Because of these mistakes of fact, Eiler received payments to which she was not entitled.

35.     By reason of the payments described above, the United States is entitled to damages in the amount of $13,406.48.

## Count III
## Unjust Enrichment

36.     The United States re-alleges the allegations set forth in Paragraphs 1 – 25 as if fully set forth herein.

37.     Eiler was enriched by the receipt of the RRB UI benefits.

38.     The enrichment was at the expense of the United States via the RRB.

39.     It would be unjust to allow Eiler to retain the benefit of the RRB UI benefits under the circumstances in which she obtained the benefits while concealing or otherwise failing to report her employment and resulting wages to the RRB, allowing her to obtain both RRB UI benefits and wages for the same periods of time beginning October 4, 2016, until she stopped submitting claims for RRB UI benefits in 2017.

40.     Eiler has been unjustly enriched in the amount of $13,406.48.

WHEREFORE, the United States asks the Court to enter judgment in its favor as follows:

(a)     On Count I (False Claims) against Michelle Dawn Eiler for treble the United States' single damages of $13,406.48, plus civil monetary penalties as set forth in the False Claims Act;

(b)     On Count II (Payment by Mistake) against Michelle Dawn Eiler for $13,406.48, plus pre-judgment and post-judgment interest, and any other such relief as the Court deems appropriate; and

(c)     On Count III (Unjust Enrichment) against Michelle Dawn Eiler for $13,406.48, plus pre-judgment and post-judgment interest, and any other such relief as the Court deems appropriate.

Respectfully submitted,

Richard D. Westphal
Acting United States Attorney

By: */s/ Jason R. Lawrence*
Jason R. Lawrence
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Telephone: (515) 473-9309
Facsimile: (515) 473-9282
Email: Jason.lawrence2@usdoj.gov